**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. SAG-25-324** |
| | ) | |
| **DALYA ATTAR,** | ) | |
| **JOSEPH ATTAR,** | ) | |
| a/k/a "Yossi Attar," | ) | |
| a/k/a "Jay Attar," and | ) | |
| **KALMAN G. FINKELSTEIN** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**GOVERNMENT'S MOTION TO SEAL**

The United States of America respectfully submits this Motion to Seal the Government's Response to Defendant Dalya Attar's Emergency Request for Clarification Regarding Applicability of Protective Order. ECF No. 92. In support thereof, the Government states the following:

1. On October 23, 2025, Defendants Dalya Attar, Joseph Attar, and Kalman Finkelstein were charged in an eight count Indictment with Conspiracy in violation of 18 U.S.C. § 371, Extortion via Interstate Communications in violation of 18 U.S.C. § 875(d), Interception and Disclosure of a Wire, Oral, or Electronic Communication in violation of 18 U.S.C. 2511(c) and (d), and Travel Act violations in violation of 18 U.S.C. § 1952(a)(3) and (b)(2). *See* Indictment, ECF No. 1.

2. On November 17, 2025, after discussion between the parties, the Government filed a Consent Motion for Entry of a Protective Order Governing Disclosure of Protected Identity, Financial, Contact, Grand Jury, Tax, Court, and Investigative Information. ECF No. 36. In it, the Government wrote that it "conferred with counsel for each of the defendants regarding a draft

protective order proposed by the United States . . . and have reached an agreement with respect to all of the provisions contained therein." ECF No. 36 at 1. The Court signed the Protective Order that same day. ECF No. 37.

3.      On May 28, 2026, Defendant Dalya Attar filed under seal what she called an Emergency Request for Clarification Regarding Applicability of Protective Order. ECF No. 92. In Defendant Attar's Motion to Seal that filing, she states that her Emergency Request and Exhibits "concern and contain numerous referenced to materials the Government has produced and designated as 'Confidential' pursuant to the Protective Order." ECF No. 91 at 2. Defendant further states that she "disagrees with the Government's designation of these materials as Confidential." *Id.*

4.      The Protective Order describes how Protected Information produced in Discovery must be handled:

> 4. **Access to and Use of Protected Information.** The defendants and the defendants' counsel may use the Protected Information only for purposes of this litigation and may not disclose such Protected Information to anyone not specifically entitled to access under this Protective Order. The defendant[s'] counsel may disclose Protected Information to the defendants, but may not provide the defendants with any documents containing Protected Information. The defendants' counsel, and individuals participating in the case at the direction of counsel, may only use the Protected Information for the purposes of defending this criminal case, including any appeal, and may only disclose the Protected Information to non-parties to this litigation, which will be limited to experts and outside investigators retained by the defendant in this litigation, as follows:
>
> a.   Such disclosure may occur only as needed for the litigation.

ECF No. 37 at 3–4.

5.      The Government agrees with Defendant Attar that her filing specifically relates to information produced by the Government during discovery and marked as "Confidential" under

the terms of the Protective Order. The Government's response to Defendant's request also cites that Confidential Information. There are no reasonable alternatives to sealing.

6.      As such, under the terms of the Protective Order, the Government's response should also be placed under seal at this time.

7.      The Government respectfully requests that the Court enter an Order sealing the Government's Response to Defendant Dalya Attar's Emergency Request for Clarification Regarding Applicability of Protective Order, ECF No. 92.

8.      A Proposed Order is attached.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


By:     _____

Sean R. Delaney
Reema Sood
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, and thereby served counsel for the Defendants on June 1, 2026. I further certify that I provided a copy of the proposed sealed document to counsel for Defendants via email.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    _____
Sean R. Delaney
Reema Sood
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800